Floyd **WILLIAMS**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 15302.

United States Court of Appeals Seventh Circuit.

July 7, 1966.

Certiorari Denied Dec. 5, 1966.

See 87 S.Ct. 530.

Marshall Patner, John C. Hudson, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Nicholas M. Karzen, Chicago, Ill., John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Circuit Judge, KNOCH, Circuit Judge, and GRUBB, Senior District Judge.

GRUBB, Senior District Judge.

This is an appeal from an order denying a motion brought pursuant to Section 2255, Title 28 U.S.C.A. The conviction in the underlying criminal case was affirmed by this court in United States v. Williams, 311 F.2d 721 (7th Cir. 1963), cert. denied 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035.

Following trial by jury, petitioner was convicted of violations of the narcotics laws of the United States and of conspiracy to commit such violations and was sentenced to a term of imprisonment of fifteen years. The government's proof rested on the testimony of government agents as to their transactions with Barney Woods, a co-conspirator who had previously pleaded guilty, and with one Neal, an informer. The agents had had no direct contact with petitioner. In part, their testimony covered telephone conversations between Neal and petitioner which were overheard by the agents. Woods and Neal did not testify on the trial. For a more detailed statement of the evidence in the case see United States v. Williams, 311 F.2d 721, at 723–724.

Petitioner contends that the use of a memorandum prepared from tape recordings of telephone conversations overheard by the agents, which memorandum was relied on for purposes of refreshing recollection, was violative of due process because the tape recording had been excluded from evidence as "utterly unintelligible" to the trial judge. Expressions and language used by professional gamblers dealing with each other, by those in the narcotics trade, by various kinds of brokers, and in certain other special kind of dealings are often unintelligible to others not engaged in such activities.

On appeal it was held that there was no constitutional infirmity in the use of the memorandum since there was no interception of a telephone communication within the scope or intendment of the provisions of the Federal Communications Act of 1934, Section 605, Title 47 U.S.C.A. The question of the reliability of the document was not raised.

The fact that these recordings were deemed of insufficient clarity to permit their consideration by the jury does not necessarily render them meaningless to a person who overheard the underlying conversations thereby recorded and who prepared the memorandum based thereon. The matter of refreshing recollection and the reliability of the means used for this purpose rest largely within the discretion of the trial judge. Buckley v. United States, 33 F.2d 713, 717 (6th Cir. 1929) ; Beaty v. United States, 203 F.2d 652, 655 (4th Cir. 1953). No constitutional issue cognizable on collateral attack on a judgment of conviction is raised by the question of the reliability of the memorandum. This bears only on the weight or credibility to be accorded the testimony of the witness. Thompson v. United States, 342 F.2d 137, 139 (5th Cir. 1965), cert. denied 381 U.S. 926, 85 S.Ct. 1560, 14 L.Ed.2d 685.

Petitioner's further contentions as to violations of his constitutional rights relate to the fact that the co-conspirator Woods and informer Neal did not testify on the trial. Petitioner claims that he was thereby deprived of the right of confrontation and cross-examination

and that his conviction rests on "second-hand uncorroborated testimony."

On the appeal in this case, this court determined that the proof was sufficient to sustain the conviction on the substantive offense and on the conspiracy charge. Particular emphasis was placed on the inferences—and the effect of these inferences on the jury's appraisal of subsequent events—to be drawn from the testimony of one of the agents relating to his telephone conversation with petitioner wherein the agent complained about the quality of the heroin he had purchased from Woods. Petitioner then advised him how to improve the material and promised to add a little extra on the next purchase.

The matter of the failure of informer Neal to testify was raised on appeal. Neal had been called by the prosecution but refused to testify. He further refused to answer questions when called as a witness by the court. The jury was instructed that Neal's refusal to testify should not be considered as evidence for or against either the defendant or the government. In view of the limited interrogation and the cautionary instruction, this court found no deprivation of petitioner's right to a fair trial. United States v. Williams, supra, 311 F.2d at 726.

Neither the prosecution nor petitioner called Woods as a witness on the trial. Petitioner does not contend that Woods would have been unavailable to him as a witness in the case. In view of the determination on appeal that there was substantial evidence to sustain the conviction, there is no merit to the claim that petitioner was denied the right to confront and cross-examine witnesses whose testimony was not necessary to the government's proof.

The authorities relied on by petitioner have no application in this case. In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the conviction was reversed because the government failed to identify and produce the informer who may have been the only material witness for the defendant. Fairness required his identification. In the instant case, petitioner knew Woods and Neal and their identity was established on the trial, but petitioner made no effort to secure them as witnesses in the case.

The proof here did not depend upon inferences to be drawn from the failure of Woods and Neal to testify. No prejudice flowed from the inability to cross-examine as in United States v. Maloney, 262 F.2d 535, 536–537 (2nd Cir. 1959) discussed in Namet v. United States, 373 U.S. 179, 187, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963).

Petitioner's contention that there was denial of due process in the use of secondhand, uncorroborated testimony of the informer, whose conduct purportedly was ambiguous, essentially presents a challenge to the sufficiency of the proof in this case. In Lynumn v. State of Illinois, 372 U.S. 528, 83 S. Ct. 917, 9 L.Ed.2d 922 (1963), the conviction was reversed because it rested on a coerced confession. The case is distinguishable on its facts and does not furnish authority that there was denial of due process in the manner or adequacy of proof.

A collateral proceeding to attack the validity of a judgment of conviction brought under Section 2255 of Title 28 U.S.C.A. does not lie as a substitute for a direct appeal to test the sufficiency of the evidence. Barkan v. United States, 362 F.2d 158 (7th Cir. decided June 9, 1966). Nor may this proceeding be utilized for resubmitting the question of the sufficiency of proof to this court which had already decided it adversely to petitioner on direct appeal.

The court hereby expresses its appreciation to appointed counsel for their diligent efforts in representing petitioner in this proceeding.

Affirmed.