Anthony **ESPERTI**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Sam Nick **FARINELLA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

William Joseph **DARA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 25194, 25233 & 25234.

United States Court of Appeals Fifth Circuit.

Jan. 13, 1969.

Rehearing Denied in Nos. 25233 and 25234, Feb. 6, 1969.

Certiorari Denied June 2, 1969. See 89 S.Ct. 2005.

Louis Vernell, Miami Beach, Fla., for Esperti.

Steadman S. Stahl, Jr., Hollywood, Fla., Milton S. Grusmark, Miami Beach, Fla., for Farinella.

William G. Earle, Atty., Dept. of Justice, Miami, Fla., for the United States.

Before BELL and MORGAN, Circuit Judges, and GUINN, District Judge.

GUINN, District Judge:

Defendants Dara, Farinella and Esperti appeal from conviction on two counts of violation of the Hobbs Act, 18 U.S.C. Sec. 1951 [1] the first anti-racketeering statute passed by Congress. Dara received concurrent seven and one-half years on each count. Farinella and Esperti each received concurrent ten year sentences.

On appeal the facts must be considered most favorably to the Government to support the verdicts. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

John Maloney and Joseph Yeager were fifty percent profit-sharing partners in the Red Ball Merchandising Corporation in Hialeah, Florida. Red Ball sold closeout merchandise. Its interstate sales and purchases amounted to ninety percent of its business.

On September 13, 1966, at 4:00 P.M., Maloney was in his office at Red Ball

1. § 1951. Interference with commerce by threats or violence

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family, or of anyone in his company at the time of the taking or obtaining.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

preparing a deposit slip for a $2000 cash bank deposit received via Western Union for a sale to a Chicago customer. The cash was in $100 bills. Maloney left his office and entered Yeager's office where he saw, for the first time in his life, the three appellants. Esperti and Farinella each had guns. Yeager and an employee, William Waldorf, were also in Yeager's office. Esperti's gun was pointed at Yeager and Farinella's at Waldorf.

Esperti grabbed Maloney, threw him on the couch and told him that, "We're here to get the other $25,000.00 for the man in New York." Esperti put the gun alternatively against Maloney's and Yeager's heads and demanded the $25,000 immediately. Meanwhile Dara left the room and reentered with the deposit slip and the $2000 Maloney had been preparing to put in the bank. He said, "Look what I found" and Esperti took it from him adding, "That don't count toward the $25,000." Farinella added, "You've got a lot of merchandise out there. Sell it. Get the money." They left with the $2000. Yeager kept inquiring to whom Red Ball owed the money. This angered Esperti and he hit Yeager.

Two months later Dara and Maloney met at the Shalimar Restaurant and Dara said that he had received a call from New York City to collect some money from Yeager. Defense counsel were unable to establish that Maloney or Red Ball or Yeager owed any individual any sum of money.

Defendants were acquitted of Count I, a conspiracy charge. They were also acquitted of two remaining substantive counts concerning events of the following day which are not pertinent here.

█ The first question presented is the sufficiency of the indictment. The indictment satisfies the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure. It is drafted subtantially in the words of 18 U.S.C. Section 1951. See United States v. Green, 350 U.S. 415, 76 S.Ct. 522, 100 L.Ed. 494 (1956); United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Turf

Center v. United States, 325 F.2d 793 (9th Cir. 1963).

█ The next question presented is the sufficiency of the evidence to show that the Defendants robbed Red Ball Merchandising Corporation of $2000 as defined in the Hobbs Act. The evidence is sufficient and establishes that $2000 was taken unlawfully from the Red Ball personnel against their will by means of the threatened force of the guns brandished by Farinella and Esperti. It is clear that the taking of $2000 from a business engaged in interstate commerce would obstruct, delay or affect commerce. United States v. Provenzano, 3 Cir. 1964, 334 F.2d 678, 692, cert. denied, 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964); United States v. Tolub, 2 Cir. 1962, 309 F.2d 286, 288; United States v. Kramer, 7 Cir. 1966, 355 F.2d 891, 898.

█ The next contention made by the Defendants is that the attempted extortion and consummated robbery did not obstruct, delay or affect commerce. This contention is without merit. Once the robbery and attempted extortion of Maloney and Red Ball was established, it was not necessary to show that any particular shipment of merchandise moving to and from Red Ball was obstructed or delayed. It is a depletion of the resources of the business which permits the reasonable inference that its operations are obstructed or delayed. United States v. Provenzano, supra.

█ The Defendants also contend that the witness Maloney should have not been permitted to refresh his recollection with a copy of a statement given by him to an agent of the FBI. It is hornbook law that any writing may be used to refresh the recollection of a witness. See Wigmore, Evidence § 758. This is true even where the document itself would be inadmissible as evidence. Williams v. United States, 7 Cir. 1966, 365 F.2d 21. Caution must be exercised to insure that the document is actually being used for purposes of refreshing and not for purposes of putting words in the mouth of the witness. Such, however, is within

the discretion of the trial judge. *Williams*, supra. There was no abuse of this discretion here.

Defendants also object to the trial court's failure to grant motions for severance and the allowance into evidence of certain hearsay testimony. Both these objections relate to alleged bribery and obstruction of justice issues which may not have been equally applicable to all defendants. Defendant Esperti contends that the refusal to sever and the allowance of the hearsay were particularly harmful to him. Esperti, however, joined in a motion to open up this entire area over the objection of the government and the advice of the court, and he cannot now be heard to complain of prejudice resulting therefrom.

We have examined the defendants' objections to the court's jury charges including those on reasonable doubt and substantial evidence and the court's refusal to admit into evidence the actual tapes of the alleged bribe attempts, and we find them all without merit.

Affirmed.