The **PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**Jose Cruz CRUZ, Defendant-Appellant.**

**No. 23506.**

United States Court of Appeals
Ninth Circuit.

July 30, 1969.

Richard H. Benson of Crain & Benson, Agana, Guam, for defendant-appellant.

Frank G. Lujan, Atty. Gen., John P. Raker, Deputy Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before HAMLEY and BROWNING, Circuit Judges, and REAL,* District Judge.

---

**BROWNING, Circuit Judge:**

Defendant was convicted of uttering a forged check in violation of section 470 of the Penal Code of Guam. At trial, Austin J. Shelton, proprietor of the store where the check was passed, identified the defendant as the passer. On cross-examination, the defense elicited testimony from Mr. Shelton that he had also identified defendant at a police lineup conducted a few days after the crime was committed.

■ At the close of the prosecution's case, the defendant moved to strike the in-court identification on the ground that the government had failed to establish that the lineup was conducted in accordance with the Sixth Amendment requirements set forth in Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The motion was renewed at the close of all the evidence. The district court denied the motion on both occasions, and, on the second, gave as reasons: first, that no violation of *Wade* was shown; second, that the motion came too late.[1]

■ Defendant appears to concede that the present record fails to establish that the in-court identification was tainted fruit of an illegal lineup.[2] He argues, rather, that the district court should have held a hearing on the *Wade* issues outside the presence of the jury, and should have done so sua sponte when the motion was made, even though no hearing was requested.

We recently held that "where a timely and sufficient motion is made to sup-

---

* Honorable Manuel L. Real, United States District Court for the Central District of California, sitting by designation.

1. The district court also indicated that *Wade* was inapplicable because the lineup in the present case preceded indictment. As the government concedes, this was error. See, e. g., Russell v. United States, 408 F.2d 1280, 1282–1284 (D.C. Cir. 1969); Rivers v. United States, 400 F. 2d 935, 939 (5th Cir. 1968). These cases make clear that pre-indictment lineups may also be critical stages in a criminal prosecution at which the right to counsel attaches.

2. There is not a word of testimony in the record that Counsel was not in fact present at the lineup, though this initial burden clearly rests on the defense. See Wade v. United States, *supra*, at 240 n. 31, 87 S.Ct. 1926, 18 L.Ed.2d 1149. However, the government's brief includes a concession, not made at trial, that "although it is not clear from the testimony," defendant was not represented by counsel at the lineup.

press identification testimony on the ground that it has been tainted by pretrial * * * identification procedures, it must be heard and determined by the court outside the jury's presence in the same manner as any other motion to suppress evidence alleged to be inadmissible because unlawfully obtained." United States v. Allison, 414 F.2d 407, 410 (9th Cir. 1969).

 Further, we agree that where a timely motion sufficiently raises factual issues which, if resolved in an accused's favor, would entitle him to relief, the mere absence of a specific request for a hearing would not justify its denial. *See* United States v. Allison, *supra*, at 410, 411; Cohen v. United States, 378 F.2d 751, 761 (9th Cir. 1967). District courts are not without responsibility to ensure full airing and exploration of substantial constitutional claims.

However, where an evidentiary hearing is necessary for decision of a motion to suppress, a district court may, as here, refuse to entertain such a motion made after trial is under way unless "satisfied that an accused could not at an earlier stage have had adequate knowledge to make his claim." Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939); *see* United States v. Allison, 414 F.2d 407, 410 n.5 (9th Cir. 1969). *See also* Durham v. United States, 403 F.2d 190, 197 & n.15 (9th Cir. 1968).

Upon renewing his motion, defense counsel implied that the motion was not presented sooner because he did not know a lineup had been held. In the first place, defense counsel made no objection to Mr. Shelton's in-court identification despite the fact that he himself had elicited from a previous witness testimony that Mr. Shelton had identified defendant in a lineup. In the second place, counsel presented no convincing reason why he could not have known of the lineup before the trial began; and, in light of the fact that his client participated in the lineup, we can think of none. The demands of orderly trial procedure must often give way to overriding concern for the protection of an accused's constitutional rights, but no such case was presented here.

Affirmed.