UNITED STATES of America,
Appellee,

v.

Albion CRANSON et al., Appellants.

No. 71–1411.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1971.

Decided Dec. 29, 1971.

Steadman S. Stahl, Jr., Hollywood, Fla. (Varon & Stahl, P. A., Hollywood, Fla., on the brief) for appellants.

Gilbert K. Davis, Asst. U. S. Atty., (Brian P. Gettings, U. S. Atty., on the brief) for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The defendants appeal from a conviction both of conspiracy to violate, and of several substantive offenses, under the Dyer Act (18 U.S.C. § 2312).

We affirm.

■ The defendants assert three grounds of appeal. Two of these require little comment. In one the defendants complain that the Trial Court permitted the District Attorney to attempt—unsuccessfully, it may be added—to refresh the recollection of an uncertain witness for the Government by reference to a prior statement given by the witness to the FBI. The matter of refreshing a witness' recollection and the manner used are largely within the discretion of the Trial Judge. Beaty v. United States (4th Cir. 1953) 203 F.2d 652, 655; Williams v. United States (7th Cir. 1966) 365 F.2d 21, 22, cert. den. 385 U.S. 981, 87 S.Ct. 530, 17 L.Ed.2d 443. To permit the refreshing of a witness' recollection by reference to prior statements is within such discretion. Roberson v. United States (5th Cir. 1958) 249 F.2d 737, 742, 72 A.L.R.2d 434, cert. den. 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715. That is all the Trial Judge permitted in this case and such action was plainly within his discretion. Thomas v. United States (9th Cir. 1955) 227 F.2d 667, 671, cert. den. 350 U.S. 911, 76 S.Ct. 194, 100 L.Ed. 799.

■ The second complaint is that the District Attorney was allowed to cross-examine the defendant Klosterman on a statement given by him to the FBI, without showing compliance with the requirements of *Miranda*.[1] That cross-examination under such circumstances is permissible for purposes of impeachment was recently declared in Harris v. New York (1971) 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. See also, Riddell v. Rhay (1971) 404 U.S. 974, 92 S.Ct. 336, 30 L.Ed.2d 291, 1971.

---

1. Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R. 3d 974, reh. den. California v. Stewart, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121.

The final claim of error concerns only the defendant Klosterman and relates to the procedure to be observed at trial when on-trial identification evidence is offered. It involves the testimony of the witness Connie Sisson, who gave an in-court identification of the defendant Klosterman.[2] It is not claimed that the record establishes the inadmissibility of this identification testimony, or even provides a basis for objecting to its admissibility, under the due process principles enunciated in Simmons v. United States (1968) 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247.[3] The argument rather is that the Trial Court erred in denying an evidentiary hearing, outside the presence of the jury, in order to permit the defendant Klosterman to inquire into whether there may have been such impropriety in any pre-trial identification procedures, particularly photographic, if any there was, used in connection with the witness' on-trial identification so as to support an objection based on a claim of want of due process in connection with the on-trial identification.

While it is not necessary that in every situation where courtroom identification witnesses are used their testimony be "filtered or tested" by an evidentiary hearing, it is established that "where a timely[4] and sufficient motion is made to suppress identification testimony on the ground that it has been tainted by pretrial photographic identifi-

2. Two other witnesses identified Klosterman. One was an alleged co-conspirator Boyce James. Klosterman offered no objection to his identification. The other was the witness Goode, to whom a stolen car had been sold. At trial, Goode, with some hesitation, identified Klosterman as the seller. It was then stipulated that, in a prior photographic identification, the witness had identified an entirely different person as the seller. This stipulation, while discrediting the witness' on-trial testimony, actually rebutted any idea that the witness' on-trial testimony had been tainted by any impermissible suggestions during the photographic identification within the rule in Simmons v. United States, *infra* (390 U.S. at p. 384, 88 S.Ct. 967).

The witness David Sisson met on two occasions, incidental to the conspiracy, an individual identified as Mitchel, which was a name by which Klosterman was known but was uncertain about making an identification of Klosterman or the man he met under the name of Mitchel.

3. Neither party argued or briefed the applicability of Section 3502, 18 U.S.C., to the in-court identification testimony of the witness Connie Sisson. See, United States v. Levi (4th Cir. 1968) 405 F.2d 380, 382–383; United States v. Valez (8th Cir. 1970) 431 F.2d 622, 624, n. 1; United States v. Sutherland (5th Cir. 1970) 428 F.2d 1152, 1158; United States v. Pollack (5th Cir. 1970) 427 F.2d 1168, 1170, cert. den. 400 U.S. 831, 91 S.Ct. 63, 27 L.Ed.2d 62; United States v. Butler (1st Cir. 1970) 426 F.2d 1275, 1277, n. 2, cert. den. 401 U.S. 978, 91 S.Ct. 1207, 28 L.Ed.2d 328. Section 3502 declares admissible the in-court identification made by one who "saw the accused commit or participate in the commission of the crime for which the accused is being tried * * *." The witness Connie Sisson identified the defendant Klosterman as being in the presence of others who concededly were members of the conspiracy and as being present, talking to one of the conspirators, while license plates were being changed on a car. Her testimony was intended, it would appear, merely to show Klosterman's acquaintance and association with members of the conspiracy. So construed, her identification was assumed not to be within the statute; and this, it would seem, was the conclusion of counsel both for the Government and for the defendants. See, United States v. Ballard (5th Cir. 1970) 423 F.2d 127, 129–130, n. 5. We accept this view, especially since the constitutionality of Section 3502 is still in doubt (United States v. King (D.C.Tex. 1970) 321 F.Supp. 614, 616–617; Cf. United States v. Levi, *supra*, 405 F.2d at pp. 382–383) and since, whether the statute be applicable or not, we are of the opinion that the defendant Klosterman, under the particular circumstances relating to this in-court identification, was not entitled to an evidentiary hearing, outside the presence of the jury.

4. A defendant must be diligent in taking "timely steps * * * to secure judicial determination of (such) claims of illegality" in connection with motions to suppress evidence. Nardone v. United States (1939) 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307.

cation procedures" or other improper identification procedures, an evidentiary hearing outside the jury's presence is required. United States v. Allison (9th Cir. 1969) 414 F.2d 407, 410, cert. den. 396 U.S. 968, 90 S.Ct. 449, 24 L.Ed.2d 433; Haskins v. United States (10th Cir. 1970) 433 F.2d 836, 838; United States v. Ranciglio (8th Cir. 1970) 429 F.2d 228, 230.[5] In order to be timely, the motion for such purpose, like all motions to suppress evidence, should normally be made prior to trial,[6] since, "To interrupt the course of the trial for such auxiliary inquiries impedes the momentum of the main proceeding and breaks the continuity of the jury's attention." *Nardone, supra,* p. 342 of 308 U.S., p. 268 of 60 S.Ct. Of course, if the defendant can show that he was reasonably unaware either that on-trial identification would be offered or that such identification was tainted, a motion at trial should be entertained. Not only must the motion for an evidentiary hearing be timely, but it should be supported by a claim of sufficient " 'solidity' * * to justify the holding of such a hearing, * * *." Lawn v. United States (1958) 355 U.S. 339, 347, 78 S.Ct. 311, 316, 2 L. Ed.2d 321; Cohen v. United States (9th Cir. 1967) 378 F.2d 751, 760, cert. den. 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215; Grant v. United States (2d Cir. 1960) 282 F.2d 165, 170. In ascertaining whether a motion to suppress is supported by sufficient "solidity", it is often stated that the supporting claim for an evidentiary hearing on a motion to suppress must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim (was) * * * presented". Cohen v. United States, *supra* (at p. 761 of 378 F.2d). Such a strict rule of specificity of claim would seem inapplicable where identification procedures are challenged but motions seeking an eviden-

5. As observed in note 3, section 3502 was not cited by either party and we see no reason to consider its proper scope or constitutional validity in this appeal.

6. Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.; Section 2518, 18 U.S.C.; United States v. Milanovich (4th Cir. 1962) 303 F.2d 626, 628, cert. den. 371 U.S. 876, 83 S.Ct. 145, 9 L.Ed.2d 115; United States v. Blythe (4th Cir. 1963) 325 F.2d 96. See, Clemons v. United States (D.C.Ct.1968) 133 U.S.App.D.C. 27, 408 F.2d 1230, 1237, n. 4, cert. den. 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567, from which it would appear that the District Courts of the District of Columbia have adopted a specific rule on motions to suppress identification evidence, which is substantially similar to Rule 41(e).

The defendant has remedies to secure pre-trial information on identification procedures undertaken by the Government in advance of trial as a basis for a motion to suppress. Accordingly, if he chooses, the defendant may, under Rule 16, Federal Rules of Criminal Procedure, move for the production of all "photographs used in the identification" of the defendant by Government witnesses. Simmons v. United States, *supra* (390 U.S. at pp. 388-389, 88 S.Ct. 967); United States v. Barber (D.C.Del.1969) 297 F.Supp. 917, 922, and 296 F.Supp. 795, 801 (rev.

on another point, 442 F.2d 517). Of course, the defendant would be aware of any line-up or confrontation identification procedures. Pre-trial discovery of the circumstances of any pre-trial identification, whether photographic or otherwise, may likely be available on motion. Cf., Clemons v. United States, *supra* (408 F.2d at p. 1237); Haskins v. United States, *supra* (433 F.2d p. 838). It is, however, doubtful whether this would permit a defendant to secure, in advance of trial, the identity of all proposed identification witnesses. See, United States v. Wade (1967) 388 U.S. 218, 238, n. 28, 87 S.Ct. 1926, 18 L.Ed.2d 1149; United States v. Chase (4th Cir. 1967) 372 F.2d 453, 466, cert. den. 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626; Cf. Proposed Amendments to the Federal Rules of Criminal Procedure, Proposed Rule 16 (vi), 48 F.R.D. 589, and 603-5.

See, also, Simmons v. United States, *supra,* 390 U.S. at pp. 388-389, 88 S.Ct. at p. 973, where the Court said:

"The defense surely knew that photographs had played a role in the identification process. Yet there was no attempt to have the pictures produced prior to trial pursuant to Fed. Rule Crim.Proc. 16. When production of the pictures was sought at trial, the defense did not explain why they were needed, but simply argued that production was required under § 3500."

tiary hearing on such pre-trial procedures, especially if made at trial would require a claim rising above the level of mere hope and including some reasonable assertion of possible taint in the preliminary identification procedures. United States v. Allison, *supra* (at p. 410 of 414 F.2d); People of Territory of Guam v. Cruz (9th Cir. 1969) 415 F.2d 336, 338. At the very least there would have to be a statement that there has been a pre-trial photographic or line-up identification or other type of identification confrontation before the motion for an evidentiary hearing should be entertained; in short, there should be some showing that "a *Simmons* issue is present." [7]

■ In determining whether the request for an evidentiary hearing should be granted "each case must be considered on its own facts" [8] and some scope must be allowed for discretion on the part of the Trial Judge.[9] Here, the defendant Klosterman made no pre-trial motion and on-trial has stated no ground of objection to the in-court identification. He asserts no pre-trial suggestive photographic identification.[10] He does not claim that there was an uncounseled line-up identification. As already pointed out, it is simply his contention that, reserving all rights of objection, he should be permitted to stop the trial "in midstream" in order that he may have an evidentiary hearing outside the presence of the jury to determine whether he may have a ground which he would wish to use as an objection to the in-court identification. In support, he argues that, if forced to resort to cross-examination to explore into possible pre-trial identifications as a predicate for a motion to suppress, the Government could use such evidence of, for instance, a pre-trial photographic identification, if confirmatory of the in-court identification, to bolster the in-court identification. The answer to this argument, however, is that the Government could have done this, whether the defendant inquired into such photographic examination or not. See, United States v. Hallman (D.C.Ct. 1971) 439 F.2d 603, 604. And it may be remarked that the fact that the Government did not offer such confirmatory evidence on direct examination would indicate either that there had been no pre-trial photographic identifications or that such pre-trial procedures had been contradictory of the in-court identification, which, incidentally, was the situation in connection with the identification made by another witness in this case. See note 2, *supra*. Either circumstance, if developed on cross-examination, could not have prejudiced the defendant. If the photographic identification were different from the in-court identification, the evidence so developed would have been helpful to the defendant; if, on the other hand, there had been no photographic identification, the whole examination would have been harmless. In our opinion, a defendant who wishes to interrupt a trial and to secure an evidentiary hearing outside the presence of the jury on the admissibility of an in-court identification, assuming that such claim for an evidentiary hearing is timely, should provide some possible basis for an objection, particularly that there has been a pre-trial photographic or line-up identification, or arranged confrontation; and, if to provide such basis, it is necessary to cross-examine, to this limit-

7. United States v. Sutherland, *supra*, (428 F.2d at p. 1155).

8. Simmons v. United States (390 U.S. at p. 384, 88 S.Ct. at p. 971).

9. See United States v. Kinnard (D.C.Ct. 1968) 294 F.Supp. 286, 289–290. In this case Judge Gesell urges that all the facts surrounding an identification be submitted to the jury without "blinders", with the Court exercising its normal power to "intervene and prevent a miscarriage of justice". This was largely the thrust of the opinion in United States v. Levi, *supra*, at pp. 382–383 of 405 F.2d.

10. Cf., Keith v. United States (9th Cir. 1970) 421 F.2d 1295, 1296, cert. den. 402 U.S. 985, 91 S.Ct. 1671, 29 L.Ed.2d 150, where the Court observed that "no pretrial identification was mentioned on either direct or cross-examination."

ed extent, the identification witness before making demand for an evidentiary hearing, the defendant should do so. We do not intimate that he must probe into the circumstances of the photographic or line-up identification before making his demand; what we do hold is that at a minimum he must establish that there has been pre-trial identification as a predicate for a motion for an evidentiary hearing outside the presence of the jury. Any other rule would mean that whenever courtroom identification testimony is offered the defendant could force an interruption of the trial, whether there is any justification or not and whether his motion is timely or not. Such a rule, so fraught with opportunity for needless and wasteful trial delays, cannot be countenanced.

■■■ As a matter of fact, even if there had been in this case a pre-trial photographic identification by the witness Connie Sisson that failed to meet the standards fixed by *Simmons*, the in-court identification by the witness would still have been admissible if it had an independent origin. See, Vance v. State of North Carolina (4th Cir. 1970) 432 F.2d 984, 987–988; United States v. Horton (D.C.Ct.1971) 440 F.2d 253, 254; Fitts v. United States (5th Cir. 1969) 406 F.2d 518, 519, cert. den. 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77; Clemons v. United States, *supra*, (408 F.2d at p. 1237); United States v. Butler, *supra* (426 F.2d at pp. 1276–1277). The testimony of the witness with reference to the basis for her identification was sufficiently trustworthy and reliable to constitute such an independent source or origin. She testified she was introduced to Klosterman under the name of "Joe" in front of a bar west of Ft. Lauderdale, Florida. Hollywood, Florida, was Klosterman's place of residence and he conceded he was often referred to and went under the name of "Joe Mitchel". After the introduction, Klosterman and three of the alleged confederates in the conspiracy talked for some five to ten minutes in the presence of the witness. It was daylight and the witness stood only a few feet from Klosterman. Mrs. Sisson stated she observed intently Klosterman. Her testimony on this point was clear and definite. It was not shaken or weakened by cross-examination. This was the basis for her identification. It was supported by the testimony of her husband, who, though he could not identify Klosterman definitely, did recall meeting at the time referred to by his wife a man who went by the name of "Mitchel". Viewed as a whole, this testimony was clearly sufficient, as an independent source, to sustain the admissibility of the witness Connie Sisson's in-court identification and rendered unnecessary an evidentiary hearing, outside the presence of the jury on the admissibility of such testimony. The issue under these circumstances became one of credibility, not of admissibility; and that, as the District Court appropriately ruled, was an issue for the jury.

Affirmed.