**UNITED STATES of America, Appellee,**

v.

**Alphonso Eugene STEVENSON, III, Appellant.**

**No. 76–1108.**

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 10, 1976.

Decided March 31, 1977.

Charles G. Bernstein, Federal Public Defender, Baltimore, Md., on brief, for appellant.

Jervis S. Finney, U.S. Atty. and Donald H. Feige, Asst. U.S. Atty., Baltimore, Md., on brief, for appellee.

Before WINTER and CRAVEN, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

Convicted by a jury of bank robbery, bank larceny and assault during a bank robbery, in violation of 18 U.S.C. §§ 2113(a), (b), (d), (f) and 2, Alphonso Stevenson appeals. He asserts (1) denial of due process in the district court's failure to conduct a hearing as to whether an unknown number of photographic spreads were unduly suggestive, (2) denial of due process and the right to counsel by the district court's restriction of the time his counsel was permitted to argue, and (3) error in the district court's failure to give certain requested in-

structions. Finding none of his contentions meritorious, we affirm.

### I.

 Stevenson's first and only substantial contention is that, under *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), he was denied due process of law when no hearing was held to determine if an unknown number of photograph showings by local police officers were so impermissibly suggestive as to taint the witnesses' in-court identifications of the defendant.

In *United States v. Cranson,* 453 F.2d 123 (4 Cir. 1971), *cert. denied,* 406 U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821 (1972), we held that in determining whether an evidentiary hearing must be held as to whether there was any impropriety in any pretrial identification procedures, particularly photographic, " 'each case must be considered on its own facts' and some scope must be allowed for discretion on the part of the Trial Judge." 453 F.2d at 127 (footnote omitted). We also indicated that the motion for a hearing should ordinarily be made prior to trial so as to avoid interruption of the momentum of trial, and there should be some "reasonable assertion of possible taint in the preliminary identification procedures . . . in short, there should be some showing that 'a *Simmons* issue is present.' " 453 F.2d at 127.

In the instant case, the evidence showed that, prior to the trial, FBI Agent Szweda showed two sets of photographs to certain bank employees. These were shown on May 15, 1975, two days after the robbery which had been perpetrated on May 13, 1975. Szweda also showed another set of photographs to some of the same employees on June 30, 1975. No identifications were made from the May 15 showing, but two employees positively identified the defendant from the June 30 showing and two others made tentative identifications. Prior to the trial, the district court conducted a *Simmons* hearing with regard to the May 15 and June 30 showings and denied defendant's motion to suppress any in-court identification and evidence of any out-of-court identification.

At trial, one of the government's first witnesses testified such that defense counsel inferred that there may have been another photographic lineup, not by the FBI but by the Baltimore City Police. He objected to the witness's testimony on the ground that it was incumbent upon the government to show the circumstances surrounding the exhibition of photographs and to demonstrate that the showing had not been unduly suggestive before the witness was asked if she could make an in-court identification. The district court overruled the objection—in effect declining to conduct a *Simmons* hearing—but stated that counsel might cross-examine "as to any confusion or any influence that any previous spread may have had . . . ." The court indicated that it would make a similar ruling with respect to other witnesses.

Thereafter, seven witnesses indicated that they may have seen spreads of photographs other than those exhibited by Szweda on May 15 and June 30, either additional spreads by Szweda or spreads by the Baltimore City police. Two of the seven testified that the other spreads did not affect their in-court identification of the defendant. A third witness testified that the photographs which he had seen previously did not as clearly depict the defendant as seeing defendant in person; another did not recall the May 15 and June 30 showings, but did recall selecting an individual that looked like the defendant from a showing by Szweda. A fifth witness thought that she had seen at least four spreads of photographs shown to her by Szweda and that the only other photograph she was shown was a bank surveillance photograph. A sixth witness testified that she saw four sets of photographs and that she had identified defendant from one of the spreads. She added, however, that there was nothing in

the other sets of photographs that enabled her to identify defendant as the perpetrator of the crime. The last witness testified that she had viewed photographs three times, but she did not recall ever selecting anybody from the photographs.

We see no error on the part of the district court in declining to conduct the *Simmons* hearing. It is manifest that holding another hearing would have interrupted the momentum and continuity of the trial. When the motion was made, there was no evidence that the viewings conducted by local officers were in any way suggestive. The district court did permit "cross examination as to any confusion or any influence that any previous spread might have had," 453 F.2d at 127, but nothing was established to show a probable *Simmons* violation. The first witness who indicated that there had been other viewings stated she had not seen or identified the defendant in those viewings. Two other witnesses testified that their in-court identification was not affected by the Baltimore City police photographic spreads. No witness claimed to have made any identification from a photographic spread that was not the subject of the *Simmons* hearing. We therefore conclude that, under *Cranson,* there was an insufficient predicate to require a hearing, 453 F.2d at 128.

■ Defendant moved for acquittal or a new trial at the close of trial alleging that the in-court identifications should have been suppressed. However, no evidence at the trial suggests that the viewings were subtly or overtly impermissibly suggestive, and the witnesses stated they had not identified defendant in those viewings. Defendant's contention that a hearing might have led to evidence that Stevenson's photograph was included in the arrays but that the witnesses failed to select his photo does not state a *Simmons* claim. 453 F.2d at 125 n. 2. We therefore find no violation of defendant's due process rights in the district court's refusal to hold an exploratory hearing.

## II.

■ Stevenson claims the trial judge improperly limited his counsel's closing argument. In accordance with Local Rule 4 for the District of Maryland, counsel was given one hour for closing argument. Shortly before the expiration of this period, the district judge warned counsel his time had almost elapsed. Upon a request from counsel for an additional fifteen to twenty minutes, the district judge gave an additional five to ten minutes. Given these facts, the trial judge acted within his discretion in denying more time. *See, e. g., United States v. Salazar,* 485 F.2d 1272, 1279 (2 Cir. 1973).

## III.

■ Stevenson also contends the district court committed error in failing to instruct the jury that the lack of any proceeds or tangible evidence connecting the defendant to the crime tended to establish innocence. The requested instruction was not a valid theory of defense. *United States v. Mitchell,* 495 F.2d 285 (4 Cir. 1974). Nor did it involve an element of the offense, *cf. United States v. Van Fossen,* 460 F.2d 38 (4 Cir. 1972). The refusal to give the instruction was within the sound discretion of the district judge, and the refusal was not error. *United States v. Hephner,* 410 F.2d 930, 934 (7 Cir. 1969).

*AFFIRMED.*