COMMONWEALTH *vs.* PAUL D. MAHAR. May 1, 1978. Counsel for the defendant had been addressing the jury in closing argument for approximately fifty-five minutes when the judge informed him that he had "exhausted" his time for argument and should "sum it up." Counsel took an exception, argued further for approximately four minutes and concluded his summation. The defendant's principal contention on appeal is that the judge's action constituted "reversible error." We conclude that in the circumstances there was no error. Cf. *United States* v. *Stevenson*, 554 F.2d 123, 126 (4th Cir. 1977). A trial judge has

broad discretion in limiting the time for closing argument. See *Herring* v. *New York*, 422 U.S. 853, 862 (1975). As the time consumed by defense counsel was substantial and exceeded the guideline established by Rule 68 of the Superior Court (1974), we cannot say, as matter of law, that the limitation imposed by the judge was unreasonable. Though the trial was long, the issues were not complex, and for all that appears, counsel was making uneconomical use of his time. See generally *Commonwealth* v. *Haas*, 373 Mass. 545, 557 n.11 (1977). Cases such as *Commonwealth* v. *Bennett, ante* 832 (1978), and *United States* v. *DeLoach*, 504 F.2d 185 (D.C. Cir. 1974), cert. denied, 426 U.S. 909 (1976), are inapposite, as they concern limitations on the scope of argument, not on its length. Moreover, in those cases, the trial judge prevented the defense counsel from arguing a theory essential to the defense. There was no such showing in this case. To the contrary, the record reflects that defense counsel argued (during the additional time allotted) the defenses of consent and contrivance, notwithstanding the fact that neither had an adequate factual predicate in the record.

*Judgment on No. 6103 affirmed.*
*Appeal in No. 6104 dismissed.*

*Jack D. Curtiss* for the defendant.
*Harry L. Miles*, Assistant District Attorney, for the Commonwealth.