**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4566**

───────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

DANINE A. RYDLAND,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:10-cr-00053-JPB-DJJ-1)

───────────

Argued:  December 9, 2011         Decided:  January 5, 2012

───────────

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ARGUED:** James T. Kratovil, KRATOVIL & KRATOVIL, Charles Town, West Virginia, for Appellant.  Erin K. Reisenweber, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.  **ON BRIEF:** William J. Ihlenfeld, II, United States Attorney, Wheeling, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Danine Rydland appeals her conviction on 34 counts of health care fraud. See 18 U.S.C. § 1347. We affirm.

I

Rydland was charged with 38 counts of health care fraud arising from her medical office billing practices. Before trial, Rydland prepared notes that she intended to use at trial to assist her while testifying. As Rydland prepared to take the stand for her direct testimony, her attorney presented the notes to the government, which then objected to her use of them. In response to the objection, Rydland's attorney explained that the notes are her "recollection" after her review of the office records. J.A. 648. When questioned by the court as to what rule would permit Rydland to use the notes, her attorney responded that he did not know any rule that would not permit her to use them. Id. After reviewing caselaw, the court orally ruled that Rydland could not use the notes while she was on the stand. Rydland then testified on direct examination without the notes.

Before cross-examining Rydland, the government notified the district court of its intention to use the notes in the cross-examination. During the ensuing discussion, Rydland's attorney asked the district court why the government would be permitted

2

to use the notes. When the court answered that the notes may contain prior inconsistent statements, her attorney asserted that the notes were "subsequent statements" rather than prior statements. J.A. 794-95. Although Rydland's attorney then noted that he did not understand why the notes contain prior statements, he offered no substantive basis to preclude the government from using the notes. The court then permitted the government to use the notes during cross-examination for the purpose of establishing that Rydland had made prior inconsistent statements.

The jury eventually convicted Rydland on 34 counts and acquitted her on four counts. Thereafter, the court sentenced her to 34 concurrent terms of imprisonment of 12 months plus one day.

II

On appeal, Rydland primarily argues that the notes are appropriate material for refreshing her recollection and, therefore, the district court erred by denying her the use of them during her direct testimony. We review the order excluding the notes for abuse of discretion. See United States v. Cranson, 453 F.2d 123, 124 (4th Cir. 1971) ("The matter of refreshing a witness' recollection and the manner used are largely within the discretion of the Trial Judge."). A district

court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009).

The district court did not elaborate on its reasoning in sustaining the government's objection, but its citation to three cases for support implies that it based its ruling on two principles: (1) a party may not attempt to introduce otherwise inadmissible evidence under the guise of refreshing recollection and (2) a witness may not use a document to refresh recollection unless she has exhibited a failure of memory.[1] This ruling is in accord with the controlling law in this circuit:

---

[1] The court cited the following cases, to which we have added the accompanying text: United States v. Balthazard, 360 F.3d 309, 318 (1st Cir. 2004) ("It is hornbook law that a party may not use a document to refresh a witness's recollection unless the witness exhibits a failure of memory."); Goings v. United States, 377 F.2d 753, 759-60 (8th Cir. 1967) ("Refreshing a witness's recollection by memorandum or prior testimony is perfectly proper trial procedure and control of the same lies largely in the trial court's discretion. However, if a party can offer a previously given statement to substitute for a witness's testimony under the guise of 'refreshing recollection,' the whole adversary system of trial must be revised."); Thompson v. United States, 342 F.2d 137, 140 (5th Cir. 1965) ("The trial judge has a duty to prevent a witness from putting into the record the contents of an otherwise inadmissible writing under the guise of refreshing recollection, . . . and . . . counsel should not be permitted to give a witness a written statement, especially prepared for his use in testifying, to obviate the necessity of introducing original
(Continued)

It is, of course, obvious from everyday experience that the latent memory of a witness may be revived by prior written statements which he or others may have made. Thus, most courts today hold that in examining a witness at trial, counsel may hand him a memorandum to inspect for the purpose of refreshing his memory, with the result that when he testifies, he does so on the basis of his own recollection, not the writing. Proper foundation for such procedure requires that the witness' recollection be exhausted. A contrary holding would permit a party to substitute the prior statement of a witness for his actual testimony.

United States v. Morlang, 531 F.2d 183, 190-91 (4th Cir. 1975) (citations omitted).

Although Rydland may have believed that it would have been helpful to use her notes while testifying, she did not lay the proper foundation for using them to refresh her recollection. Therefore, under these circumstances, the district court did not abuse its discretion in denying Rydland the use of her notes.

III

For a variety of reasons, Rydland also argues that the district court abused its discretion by permitting the government to use the notes during her cross-examination. Specifically, she appears to contend that the government's use of the notes (1) violated the procedure set forth in Rule 612 of the Federal Rules of Evidence, (2) permitted the government to

_____

records, on the assumption that anything can be used to refresh recollection.").

5

introduce otherwise inadmissible evidence, (3) violated her work-product privilege, and (4) is unfair.

As noted, Rydland asked the district court why the government could use the notes in its cross-examination. Even if we construe her question as a proper objection, it is clear that she did not object on any of the grounds she now asserts on appeal. See generally United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983) (noting that in order to preserve appellate review an objecting party must object with a reasonable degree of specificity that would have adequately apprised the trial court of the true basis for the objection). Therefore, we review for plain error. United States v. Pratt, 239 F.3d 640, 644 (4th Cir. 2001).

Interpreting Rule 52(b) of the Federal Rules of Criminal Procedure, which governs plain error review, the Supreme Court has instructed:

> [A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, --- U.S. ---, 130 S.Ct. 2159, 2164 (2010) (internal punctuation and citation omitted). "[T]he

burden of establishing entitlement to relief for plain error is on the defendant claiming it," United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004), and "[m]eeting all four prongs is difficult, as it should be," Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 1429 (2009) (internal punctuation and citation omitted).

After carefully reviewing Rydland's contentions, we are unable to find that she has met her burden of establishing that the district court plainly erred. Moreover, because the jury acquitted Rydland of four counts notwithstanding the government's use of the notes, we are not convinced that she was unduly prejudiced by any such error or, in any event, that we should exercise our discretion to notice any such error.

IV

Based on the foregoing, we affirm the judgment of conviction.

AFFIRMED