**UNITED STATES of America**

v.

**Edward J. GURNEY et al.**

**No. 74-122-Cr-J-S.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Aug. 1, 1974.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger, Asst. U. S. Atty., Jacksonville, Fla., for U. S.

C. Harris Dittmar, Jacksonville, Fla., for Gurney.

Robert L. Floyd, Miami, Fla., for Groot.

James M. Russ, Orlando, Fla., for Crittenden.

Egerton van den Berg, Orlando, Fla., for Anderson.

Alan Todd, Winter Park, Fla., for Bastien.

Raymond E. Laporte, Tampa, Fla., for Swiger.

Carlton P. Maddox, Jacksonville, Fla., for Koontz.

## ORDER

CHARLES R. SCOTT, District Judge.

This case came before this Court with respect to the motion to quash writ of habeas corpus ad testificandum and for other relief, filed herein July 31, 1974, by defendant Edward J. Gurney.

---

For the reasons set forth below, the motion will be granted and no further writs of this nature will henceforth be issued by this Court under the circumstances of this case.

On July 24, 1974, the United States Attorney's office filed herein a "boiler-plate" petition for writ of habeas corpus ad testificandum, a copy of which is attached hereto as an addendum. Said petition recited in pertinent part that

"The above entitled case is set for *pre-trial conference* as soon as possible but NOT LATER THAN FRI., AUG. 2, 1974 at Jacksonville, Florida." (emphasis supplied)

It further recited that one William Pelski was a material witness for the United States in this case, that he was incarcerated at the Federal Correctional Institution at Eglin Air Force Base and that it was necessary "to have said witness *before this Court* for the purpose of *testifying* on behalf of the United States at said *pre-trial conference*". (emphasis supplied)

On the basis of this petition, this Court, on July 24, 1974, automatically and mechanically issued, as is its custom in such cases, a Writ of Habeas Corpus Ad Testificandum (a copy of which is also attached hereto as an addendum) on a form supplied by the United States Attorney's office. In said writ this Court recited that this case " . . . is set for pre-trial conference at Jacksonville, Florida as soon as possible but NOT LATER THAN FRIDAY, AUGUST 2, 1974" and ordered the United States Marshal to

" . . . have the body of the said WILLIAM PELSKI now in custody as aforesaid, under safe and secure conduct, before this Court at Jacksonville, Florida as soon as possible but NOT LATER THAN FRIDAY, AUGUST 2, 1974 *for the purpose of testifying* in the above case. . . ." (emphasis supplied)

As a matter of fact, however, there was no pre-trial conference set in this case (simply because not all of the defendants in the case had even been arraigned) and the witness, William Pelski, was not to appear before the Court for any purpose. Instead, the actual purpose for the petition and resulting writ was for a pre-trial interview in the United States Attorney's office to facilitate preparation for trial.

Defendant Gurney contends that the filing of the petition constitutes a gross and willful abuse of the processes of this Court in that the government is employing, and this Court is authorizing, a surreptitious pre-trial discovery technique under the guise of the power of the All Writs Act, 28 U.S.C. § 1651. Defendant's rationale is that the writ, which has the official sanction of the Court, places the incarcerated witness in a compromising position conducive to involuntary cooperation with the government. This theory finds support in the case of United States v. Thomas, 320 F.Supp. 527 (D.D.C.1970), wherein the Court stated, with respect to so-called "summonses" issued by the United States Attorney for the District of Columbia for purposes of pre-trial interviews:

"The prosecutorial workload of the United States attorney in the District of Columbia is extremely heavy, and his determination to investigate his cases thoroughly and to interview all prospective witnesses is highly commendable. Nonetheless, in his zeal to investigate he loses sight of the danger that by sending a "summons" to a prospective witness he may cause him not only to appear at his office at the time indicated, but to arrive there in a frame of mind to say what he thinks the United States attorney wants to hear, lest the chastising power that resides in the United States Courthouse be visited upon him. The danger that these phony summonses will put the recipient too much under the will of the United States

attorney is surely inadvertent on the latter's part. The danger nonetheless exists, and the practice ought not be continued".

320 F.Supp. at 529–530. On that basis, that Court enjoined the United States attorney from sending "summonses" to prospective witnesses whom he wished to interview. *See also* Durbin v. United States, 94 U.S.App.D.C. 415, 221 F.2d 520 (1954); United States v. Hedge, 462 F.2d 220, 222–223 (5th Cir. 1972).

■■■ This Court fully agrees with the reasoning set forth above and, in addition, hereby announces that no further writs of habeas corpus ad testificandum will be issued by this Court on behalf of the United States to bring incarcerated federal prisoners to the United States Attorney's office in Jacksonville, Florida, when the sole purpose is to interview prospective government witnesses for pre-trial discovery. In this way, the Court seeks to make it clear that it will no longer place its imprimatur on any procedure which may potentially be construed as an abuse of its judicial power.

It should be emphasized that no bad faith or malice can properly be imputed to the United States Attorney's office. Besides the fact that the Court was equally responsible for the issuance of the writ of which defendant Gurney complains, the government's attempt to utilize the judicial process to circumvent a possible cumbersome internal administrative procedure within the Justice Department can understandably be viewed in terms of simple expediency and economy. Regardless of these laudable motives on the part of the United States Attorney's office, the Court is nevertheless convinced that justice requires that the practice not be countenanced. Inadvertence and commendable motives on the part of either the Court or the United States Attorney's office do not justify an inappropriate exercise of judicial power.

This pronouncement does not necessarily dispose of the motion at hand. The government contends that the defendant is confronted with two insuperable obstacles. The first alleged obstacle is lack of standing. The other is a failure by the defendant to demonstrate prejudice to him personally. There is precedential support in the Fifth Circuit for these assertions. The Court of Appeals for the Fifth Circuit, in the case of Buie v. United States, 420 F.2d 1207 (5th Cir. 1969), stated in an almost identical context as follows:

"Appellant first contends that he was deprived of due process by the prosecution's pretrial use of subpoenas returnable at the U. S. Attorney's office. While there may have been grounds upon which the *persons subpoenaed* might have been able to insist that these subpoenas be quashed, *we cannot see how they could have prejudiced appellant.* There is no showing of surprise. Furthermore, appellant was accorded the same subpoena privileges that the U. S. Attorney exercised". (emphasis supplied)

420 F.2d at 1209.

Assuming *arguendo* the merits of the government's position, the defendant's lack of standing and inability to demonstrate prejudice do not foreclose this Court from rescinding, on its own motion, a particular writ or order which it considers to be improvidently issued. As to the particular writ at issue herein, it appears that this Court improperly issued the writ under the circumstances of this case and, therefore, that the appropriate remedy is to rescind the writ.

It should be emphasized that the United States Attorney's office is not left remediless. The Federal Bureau of Prisons and the United States Attorney's office are both arms of the same executive department, that is, the Justice Department. It seems incomprehensible that some informal procedure could not be devised between these two extensions

of the Justice Department for the transportation of incarcerated federal prisoners to the United States Attorney's office for purposes of pre-trial discovery without the necessity of judicial intervention.

Therefore, it is

Ordered:

1. The motion to quash writ of habeas corpus ad testificandum and for other relief, filed herein July 31, 1974, by the defendant Edward J. Gurney, is hereby granted to the limited extent set forth below.

2. The writ of habeas corpus ad testificandum issued on July 24, 1974, by this Court as to the prospective witness, William Pelski, is hereby rescinded and quashed.

3. The aforesaid motion is hereby denied in all other respects.

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
MIDDLE—JACKSONVILLE DIVISION
Case No. 74–122–Cr–J–S

UNITED STATES OF AMERICA
vs.
EDWARD GURNEY, et al.

PETITION FOR WRIT OF HABEAS CORPUS
AD TESTIFICANDUM

The United States of America, by its United States Attorney, shows to the Court:

1. The above entitled case is set for pre-trial conference on as soon as possible but NOT LATER THAN FRI., AUG. 2, 1974 at Jacksonville, Florida.

2. WILLIAM PELSKI, a material witness for the United States in said case, is now confined in Federal Correctional Institution at Eglin Air Force Base, Florida.

3. It is necessary to have said witness before this Court for the purpose of testifying on behalf of the United States at said pre-trial conference.

WHEREFORE, this petitioner prays that this Honorable Court issue a writ of habeas corpus ad testificandum, directing any United States Marshal to proceed to the aforesaid penal institution and there take into custody the body of the said WILLIAM PELSKI and have subject before this Court at the time and place above specified, then and there to testify as aforesaid; and upon completion of testimony to return the said witness to the custody of the Warden of the aforesaid penal institution; and also directing the said Warden to deliver the said WILLIAM PELSKI into the custody of any United States Marshal for the aforesaid purpose.

JOHN L. BRIGGS
UNITED STATES ATTORNEY
s/ Bruce E. Wagner
By: BRUCE E. WAGNER
Special Assistant U. S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
MIDDLE—JACKSONVILLE DIVISION
No. 74–122–Cr–J–S

UNITED STATES OF AMERICA
v.
EDWARD GURNEY, et al.

## WRIT OF HABEAS CORPUS AD TESTIFICANDUM

TO: ANY UNITED STATES MARSHAL, and
WARDEN FEDERAL CORRECTIONAL INSTITUTION, EGLIN AIR FORCE BASE, FLORIDA.

It appearing from the petition of the United States of America that WILLIAM PELSKI, a material witness for the United States in the above entitled case, is confined in the Federal Correctional Institution, at Eglin Air Force Base, Florida, and that said case is set for pre-trial conference at Jacksonville, Florida as soon as possible, but NOT LATER THAN FRIDAY, AUGUST 2, 1974 and that it is necessary for the said witness to be before this Court for the purpose of giving testimony in said pre-trial conference;

NOW, THEREFORE, this is to command you, any United States Marshal, that you have the body of the said WILLIAM PELSKI now in custody as aforesaid, under safe and secure conduct, before this Court at Jacksonville, Florida as soon as possible but NOT LATER THAN FRIDAY, AUGUST 2, 1974 for the purpose of testifying in the above case, and upon completion of testimony that you return subject with all convenient speed, under safe and secure conduct to the custody of the Warden of the aforesaid penal institution.

And this is to command you, the Warden of Federal Correctional Institution at Eglin Air Force Base, Florida to deliver into the custody of any United States Marshal, upon production to you of a certified copy of this writ, the body of the said WILLIAM PELSKI for safe and secure conduct to this district for the purpose aforesaid.

DONE and ORDERED at Jacksonville, Florida, this 24th day of July, 1974.

s/ Charles R. Scott

CHARLES R. SCOTT

UNITED STATES DISTRICT JUDGE