19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Merchel A. TATUM, Defendant-Appellant.
 No. 93-10184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided Feb. 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Merchel (Shelly) Tatum appeals his conviction of attempted income tax evasion in violation of 26 U.S.C. Sec. 7201. He argues that his conviction should be reversed because the government constructively amended his indictment. He also challenges the district court's response to a question from the jury during deliberations, and argues that the district court improperly admitted evidence of his overpayment of taxes in a tax year subsequent to the years for which he was charged with tax evasion. Finally, Tatum argues that the district court erred in assessing the costs of prosecution. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm Tatum's conviction, but reverse the imposition of costs.
 
 
 3
 * Tatum argues that his indictment was constructively amended without resubmission to the grand jury in violation of his Fifth Amendment rights. We consider de novo whether an indictment was constructively amended. United States v. Pisello, 877 F.2d 762, 764 (9th Cir.1989), stay denied, 493 U.S. 929 (1989).
 
 
 4
 The charges in an indictment "may not be broadened through amendment except by the grand jury itself." Stirone v. United States, 361 U.S. 212, 215 (1959). A constructive amendment occurs when " 'the crime charged [is] substantially changed at trial, so that it [is] impossible to know whether the grand jury would have indicted for the crime actually proved.' " Pisello, 877 F.2d at 765 (quoting United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir.1984)). A mere variance occurs "when the prosecution's evidence proves facts different from those alleged in the indictment," but the crime charged remains the same. Id. Although an amendment requires reversal of the conviction, a variance "does not warrant reversal unless it affects the substantial rights of the defendant." Id.
 
 
 5
 Tatum's argument does not support a finding of constructive amendment. The crime charged in the indictment was attempted income tax evasion; the charge did not change at trial. At worst, the indictment was varied by the prosecution's presentation of evidence that proved facts different from those alleged in the indictment. In order for the variance to be fatal to the government's case, Tatum must demonstrate "that he was taken by surprise by reason of the variance and that such surprise prejudiced the preparation of his defense." United States v. Horton, 526 F.2d 884, 887 (5th Cir.), cert. denied, 429 U.S. 820 (1976). Tatum has failed to make such a showing. Reversal is not warranted because Tatum's substantial rights were not affected at his second trial.
 
 II
 
 6
 During deliberations, the jurors asked the district judge whether they were permitted to estimate Tatum's living expenses based on their own life experiences. Tatum argues that the district court committed reversible error by not answering the jurors' question squarely in the negative, and by instead highlighting instructions the jury had been given previously.
 
 
 7
 We review the district court's response to jurors' questions for abuse of discretion. United States v. Warren, 984 F.2d 325, 329 (9th Cir.1993) (citing United States v. Warren, 984 F.2d 325, 329 (9th Cir.1993) (citing United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986), cert. denied, 479 U.S. 1086 (1987)). The district court did not abuse its discretion in this case. The jurors' question did not reflect a deep and crucial misunderstanding of a legal term or phrase, see id. at 330, but instead was appropriately answered by the language of the initial instructions. See United States v. Collum, 614 F.2d 624, 631 (9th Cir.1979), cert. denied, 446 U.S. 923 (1980); United States v. McCall, 592 F.2d 1066, 1068 (9th Cir.), cert. denied, 441 U.S. 936 (1979).
 
 III
 
 8
 Tatum argues that the district court erred in admitting evidence that he reported income in excess of that received in 1986 and had attempted to cover up his failure to report the income on his 1985 tax return. He contends that the evidence was inadmissible under Rule 404(b) of the Federal Rules of Evidence as evidence of a separate crime for which he was not charged. He also contends that the government failed to make a "necessary evidentiary link of establishing the coverup theory," and that the evidence regarding that theory should have been excluded.
 
 
 9
 We review for an abuse of discretion the district court's decisions regarding the admissibility of evidence under Rule 404(b). United States v. Aranbula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). We review de novo whether the evidence falls within the scope of the rule. Id.
 
 
 10
 The district court admitted evidence that Tatum had reported cash proceeds from a 1986 New Year's Eve event on only his 1986 income tax return. Tatum claimed that all cash proceeds from the evening were received after midnight, in 1986. The government introduced evidence that some cash proceeds were received before midnight, in 1985, and that Tatum had therefore overreported his income in 1986. The government also presented evidence that Tatum decided to report the income only after he realized the government was investigating his income tax liability, and thus attempted to cover up his failure to report the 1985 income.
 
 
 11
 Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The evidence regarding Tatum's 1986 tax return may have been evidence of another crime, but it was not offered to prove "action in conformity therewith" and did not fall within Rule 404(b). Instead, it was offered to show that he failed to report all the income he received in 1985. Additionally, the evidence that Tatum may have attempted to cover up his failure to report 1985 income spoke to the willfulness element of the income tax evasion charge. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). The district court did not abuse its discretion in admitting the evidence.
 
 IV
 
 12
 Under 26 U.S.C. Sec. 2701, any person who is convicted of income tax evasion shall be fined the "costs of prosecution." Tatum argues that the district court improperly ordered him to pay the expenses associated with Jerry Dickerson, a witness the government initially subpoenaed but Tatum called to testify. Tatum does not challenge whether Dickerson's expenses are "costs of prosecution" as set forth in the statute. Instead, he argues that Dickerson's testimony related only to the 1984 tax year count, which was dismissed with prejudice, and that the district court erred in requiring him to pay the costs for this testimony.
 
 
 13
 Whether Dickerson's testimony was part of the costs of prosecution of the dismissed count or of the count for which Tatum was convicted is a question of fact which we review for clear error. See Clamp Mfg. Co., Inc. v. Enco Mfg. Co., Inc., 870 F.2d 512, 514 (9th Cir.), cert. denied, 493 U.S. 872 (1989); see also Fed.R.Civ.P. 52(a).
 
 
 14
 The district court ordered that Tatum pay Dickerson's expenses but Tatum is not responsible for the costs associated with the 1984 count. The district court thus concluded that Dickerson's testimony related to the 1985 count. This conclusion is erroneous. Dickerson's testimony was not related in any way other than tenuously to the 1985 count.
 
 
 15
 We reverse the assessment against Tatum of Dickerson's witness fees and remand to the district court for a recalculation of the costs of prosecution.
 
 V
 
 16
 We affirm Tatum's conviction, but reverse and remand on the issue of costs.
 
 
 17
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3