[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13406
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-23045-CV-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA C. CALZON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 2010)

Before BLACK,  BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Maria Calzon, an attorney proceeding *pro se*, appeals the district court's

judgment in favor of the United States in its action to recover upon a defaulted student loan. Calzon argues that the district court erred when it allowed a government witness, Alberto Francisco, to refresh his memory at trial by looking at a record prepared by the Department of Education ("DOE") in preparation for trial. Calzon further argues that the district court erred when it entered a final judgment for the government because the government did not present a Disclosure Statement and Repayment Schedule setting forth Calzon's repayment terms and schedule.

I.      Alleged Evidentiary Error

Generally, we review a district court's evidentiary ruling for abuse of discretion, and will reverse only if the moving party establishes that the rulings resulted in a substantial prejudicial effect. *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004). Where the party failed to make a timely objection, however, we will only examine an objection made for the first time on appeal for plain error in an exceptional civil case, if the error would result in a miscarriage of justice. *S.E.C. v. Diversified Corporate Consulting Group*, 378 F.3d 1219, 1227 n.14 (11th Cir. 2004). Under plain error review, we will reverse if, (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) not correcting the error would seriously affect the fairness of the judicial proceeding. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th

2

Cir.1999) (citations omitted).

Fed.R.Evid. 612 provides that a witness may use a writing to refresh her memory for the purpose of testifying. Fed.R.Evid. 612. "The principal requirements for the use of the statement for the purpose [are] that the witness demonstrated a need for having his memory refreshed and that the paper used had that effect." *Thompson v. United States*, 342 F.2d 137, 139 (5th Cir. 1965) (citation omitted). "The reliability or truthfulness of the statement [is] relevant only to the problem of the weight and credibility to be accorded the witness' testimony." *Id.* at 139 (citation omitted). Counsel may not refresh recollection simply as an excuse to bring inadmissible material before the fact-finder. *See id.* at 140. Nonetheless, we said in a criminal context that "[w]hen there is careful supervision by the court, the testimony elicited through refreshing recollection may be proper, even though the document used to refresh the witnesses' memory is inadmissible." *United States v. Scott*, 701 F.2d 1340, 1346 (11th Cir. 1983) (citation omitted); *see United States v. Horton*, 526 F.2d 884, 888-89 (5th Cir. 1976).

We conclude, based on this record, that the district court did not err, plainly or otherwise, when it allowed Francisco to use the Borrower's History and Activity Report to refresh his memory during his testimony. The record shows that

Francisco, during trial, referred to that business record so that he could remember the date when her loan was disbursed. Francisco also looked at the report so that he could testify about the exact dates when the DOE sent letters to Calzon, informing her that her loan payments were past due. Francisco permissibly used this data, from underlying records prepared and relied upon in the ordinary course of business, to refresh his memory of when her loan was disbursed and the DOE sent her the past due notices.

II.    Ultimate Judgment

A district court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Wexler v. Anderson*, 452 F.3d 1226, 1230 (11th Cir. 2006). Additionally, we "will not overturn an evidentiary ruling and order a new trial unless the objecting party has shown a substantial prejudicial effect from the ruling." *Maiz v. Virani*, 253 F.3d 641, 667 (11th Cir. 2001).

Calzon's argument that she was not on notice that her loan payments were due is predicated on her contention that Francisco's testimony was improper. Calzon contends that, without Francisco's allegedly improper testimony, the government could not prove she defaulted on her loan. However, as discussed above, Francisco's testimony, in which he refreshed his memory using Calzon's Borrower's History and Activity Report, was not improper. Moreover, even if

Francisco's testimony was improper, Calzon has not shown that it resulted in substantial prejudice. *See Maiz* at 253 F.3d at 667. It is undisputed that Calzon had executed a promissory note with DOE and had made no repayments on her loan. In light of her note and her admitted failure to make any payments on her note, Calzon has not demonstrated how she suffered substantial prejudice from Francisco's allegedly improper testimony. The district court did not err when it entered judgment against Calzon on her student loan obligation.

**AFFIRMED.**